**TIMOTHY J. DENNIN, P.C.**
ATTORNEY AT LAW
EMAIL: SECATTY@DENNINLAW.COM
WEBSITE: WWW.DENNINLAW.COM
SECURITIES ARBITRATION/LITIGATION
PROTECTING INVESTORS RIGHTS SINCE 1990

316 MAIN ST.
NORTHPORT, NY 11768
TELEPHONE: (631) 261-0250
FACSIMILE: (631) 261-0395

270 MADISON AVE
13TH FL.
NEW YORK, NEW YORK 10016
TELEPHONE: (212) 826-1500
FACSIMILE: (212) 688-6457

January 13, 2010

*Via ECF filing and mail*

The Honorable Leonard D. Wexler
United States District Court Judge
United States District Court, Eastern District of New York
202 Federal Plaza
Room 944
Central Islip, N.Y. 11722

      Re:   *Louis Pitch and Donna Pitch v. Mark C. Hotton, Sherri Hotton and Trinity Management Consulting Corp. Index No. 09-5599*.

Dear Judge Wexler:

     I represent the plaintiffs in the above referenced action and write concerning a third party subpoena issued by defendants on January 11, 2010 to Henry Schein, Inc. ("Henry Schein"). Since this subpoena calls for the production of documents by tomorrow (January 14, 2010) and after conferring with defense counsel, the defendants have refused to withdraw the subpoena, Plaintiffs are compelled to seek judicial remedy by Order to Show Cause. As reflected in the accompanying Affirmations of the undersigned, Michael Rozza and Affidavit of Plaintiff Louis Pitch, the subpoena should be declared null and void since it calls for documents completely irrelevant to the issues before this Court, seeks to harass and annoy plaintiff and is an effort to obtain documents that may relate in some fashion to a case pending against Defendant Sherri Hotton in New York Supreme Court. Plaintiffs respectfully request that the Court Order that the subpoena need not be responded to until decision of the instant Motion.

Very truly yours,

Timothy J. Dennin

TJD/tam
cc: Timothy Feil, Esq. (via ECF w/ enclosures)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X   Index No. 09-5599
LOUIS PITCH and DONNA PITCH,

                              Plaintiffs,                  <u>ORDER TO SHOW CAUSE</u>

    -against-

MARK C. HOTTON, SHERRI HOTTON and
TRINITY MANAGEMENT CONSULTING CORP.

                            Defendants.
-------------------------------------------------------------------------X

       Upon the affidavit of plaintiff, Louis Pitch, sworn to on the 11th day of January 2010, the affirmation of Timothy J. Dennin, Esq., affirmed on the 13th day of January 2010, the affirmation of Michael Rozza, affirmed to on the 13th day of January 2010, it is ORDERED, that the above named defendants show before this Court, at Room _____, United States Courthouse, _____, on _____, 2010, at _____ o'clock in the _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure, granting plaintiffs request for a Protective Order and determination that Defendants' Third Party Subpoena to Henry Schein be deemed null and void. Pending the hearing on this motion it is Ordered that Henry Schein need not respond to the subpoena calling for production of documents and it is further Ordered that a copy of this order, together with a the papers upon which it is granted, be served upon the defendants' attorney via ECF filing on or before _____ and that such service be deemed good and sufficient.

Dated: Islip, New York
       January 13, 2010

                                                            _____
                                                            United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LOUIS PITCH and DONNA PITCH,

                         Plaintiffs,                    Index No.: 09-5599

                                                          AFFIRMATION IN SUPPORT
                                                          OF PROTECTIVE ORDER
    -against-


MARK C. HOTTON, SHERRI HOTTON, and
TRINITY MANAGEMENT CONSULTING CORP.,

                        Defendants.
-------------------------------------------------------------------------X

      TIMOTHY J. DENNIN, an attorney duly authorized to practice in the State of New York does hereby affirm the following under penalty of perjury:

      1.      I am a member of the firm of Timothy J. Dennin, P.C., and am familiar with the facts of this case, and submit this affirmation in support of the Order to Show Cause for a Protective Order.

      2.      Attached hereto as Exhibit A is a copy of a subpoena issued by Defendants' counsel on January 11, 2010 calling for the production of records of Henry Schein, Inc. ("Henry Schein") on January 14, 2010. Consistent with Rule 37.3 of the Local Rules for the Eastern District of New York and Federal Rule of Civil Procedure 26(c), I spoke with counsel for Defendants on January 12, 2010 and requested that they withdraw the subpoena on the basis that it calls for documents completely irrelevant to the issues pending before this Court, is an effort to harass and annoy Plaintiffs and may violate Rule

1

3.4 of the Rules of Professional Conduct. Defendants' counsel refused to withdraw the subpoena and compelling Plaintiffs to file the instant Motion.

Plaintiffs also seek an Order granting expedited discovery, including deposition of witnesses, subpoenaing bank and brokerage records and other documents, and take other discovery on an expedited basis prior to a hearing on plaintiffs' application for a Preliminary Injunction, and continuing the asset freeze during the pendency of the pending arbitration proceeding.

3. The issues before this Court concern Defendants' conversion of $5,100,000 (five million one hundred thousand dollars) of Plaintiffs' money during the year 2008, what Defendants did with this money and where it is presently located. Despite representing that Defendants would provide the source documents reflecting where this money went (i.e. bank account records, wire transfer records etc.) the only document that Defendants provided was a typed out ledger purportedly reflecting deposits and withdrawals in and out of Defendant Trinity Management Consulting Corp. ("Trinity").  Further, Defendants refused to provide a copy of this document but only permitted affiant to view it at their attorneys' offices.

4. The subpoena calls for the production of invoices, contracts, work completion orders, requisitions for work, labor and services provided by Lan Utilities Electric, Inc. ("Lan")  to Henry Schein (a customer of Lan) as well as checks, wires and all payments from Henry Schein to Lan and documents reflecting the contact persons for Lan and Henry Schein (what ever that means). The subpoena calls for the production of these records from January 1, 2005 to present. The Plaintiffs had not even met Defendants Mark and Sherri Hotton or had any dealings with them until 2008.

2

5. Neither Lan nor Henry Schein are parties in the instant action and the payment of invoices between these two entities is not in any way relevant to the issues relating to Defendants' conversion of Plaintiffs' monies in 2008. However the invoices between these entities and other customers of Lan is relevant to an action currently pending in New York Supreme Court captioned *Nicholas Pitch, Jr. v. Lan Utilities Electric, Inc. and Canyon Brothers Development, LLC* Suffolk County Index No. 10784-09. (See the accompanying Affirmation of Michael Rozza "Rozza Aff.").

6. As reflected in the Rozza Aff., Defendant Sheri Hotton, (the new owner of Lan) in an effort to avoid having a Receiver appointed over the receivables of Lan and sidestep her obligations to pay Lan receivables due to Nicholas Pitch (the brother of Lou Pitch and former owner of Lan), argued that prior to her purchase of Lan that Nicholas Pitch inflated invoices to customers of Lan and therefore she was not responsible to pay same (See paragraphs 6-7 Rozza Aff.).

7. In the pending New York State action, the plaintiff Nicholas Pitch is seeking to have Defendant Sherri Hotton held in contempt for refusing to abide by the directives of the Court appointed Receiver to provide access to books and records and turn over $493,000. (See Rozza Aff. paragraph 8 and exhibit C attached thereto). The TRO concerning the Order of Contempt is returnable in New York Supreme Court on January 20, 2010. Accordingly, it appears that Defendants in the instant action may be seeking to use the subpoena in this action in the hopes of obtaining some information that could somehow assist them in the pending New York State contempt proceeding.

8. Despite Defendants' motivation, the requested documents have no relevance to the claim or defense relating to the $5,100,000 conversion, what Defendants did with

3

this money and where it is presently located and therefore this discovery should not be permitted under Rule 26 of the Federal Rules of Civil Procedure

9. As reflected in the accompanying affidavit of Plaintiff Louis Pitch, Plaintiff has undergone several interviews with Henry Schein and is presently waiting to see if an offer of employment will be made to him by Henry Schein. The subpoena has caused Plaintiff annoyance and is an effort by Defendants to put pressure on Plaintiff in an attempt to gain leverage in the instant proceeding. These tactics should not be condoned.

10. Plaintiffs have moved by Order to Show Cause due to the fact that Defendants made the subpoena returnable tomorrow January 14, 2010. Plaintiffs respectfully request that this Court issue an Order stating that Henry Schein need not respond to the Subpoena pending resolution of this motion.

11. For all the aforementioned reasons, Plaintiffs respectfully request that this Court order that the subpoena to Henry Schein be deemed null and void.

Dated: January 13, 2010

_____
Timothy J. Dennin, Esq. (TJD5117)
TIMOTHY J. DENNIN, P.C.
Attorney for Plaintiffs
316 Main Street
Northport, New York 11768
(631) 261-0250

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
LOUIS PITCH and DONNA PITCH,

                              Plaintiffs,          Index No.: 09-5599

        -against-

MARK C. HOTTON, SHERRI HOTTON and
TRINITY MANAGEMENT CONSULTING
CORP.,

                              Defendants.
---------------------------------------------------------------------------------X

**ORDER TO SHOW CAUSE FOR PROTECTIVE ORDER**

*TIMOTHY J. DENNIN, P.C.*
**ATTORNEY AT LAW**
316 Main Street
Northport, New York 11768

(631) 261-0250

# EXHIBIT A

AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
Eastern District of New York

LOUIS PITCH AND DONNA PITCH

V.

MARK HOTTON, SHERI HOTTON, ET. AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  09-CV-5599

TO:  Mr. Michael Ettinger, Esq.,
General Counsel
Henry Schein, Inc.
135 Duryea Road, Melville, NY 11747

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule "A", attached.

| PLACE | DATE AND TIME |
|---|---|
| Finkelstein & Feil, LLP, Suite 210<br>666 Old Country Road, Garden City, NY 11530 | 1/14/2010 10:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael Finkelstein, Attorney for Defendants | 1/8/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
666 Old Country Road, Suite 210, Garden City NY 11530
Phone: (516) 280-3660    Fax (516) 280-3661

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE "A"

### DEFINITIONS

1. The term "Henry Schein" or "You" shall mean Henry Schein, Inc. as well as any of its officers, directors, employees, or other agents, successors or assigns, any of its divisions, operating groups or units, and any of its corporate parents, affiliates, subsidiaries, or predecessors.

2. The term "LAN" shall mean LAN Utilities Electric, Inc. as well as any of its officers, directors, employees, or other agents, successors or assigns, any of its divisions, operating groups or units, and any of its corporate parents, affiliates, subsidiaries, or predecessors.

3. The term "Communication[s]," as used herein, shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes, without limiting the generality of the foregoing, any meeting, conversation, discussion, correspondence, message or other occurrence whereby thoughts, opinions or data are transmitted between two or more persons.

4. The term "Documents" is used herein in the broadest possible sense permitted by Federal Rules and means any written, graphic or other recorded (whether visible, electronically, magnetically or otherwise) matter of whatever nature, including computer files, discs, or any other means of preserving thought or expression, and all tangible things from which information can be processed, transcribed, copied or retrieved, whether originals, copies, drafts (including, without limitation, non-identical copies), however produced or reproduced. A document with handwritten, typewritten or other recorded notes, editing marks, etc., is not and shall not be deemed to be identical to one without such modifications, additions or deletions. The term

"original" includes the file copy or copies of any document if there is no actual original or ribbon copy. "Document" shall include, without limitation, the following items: letters, papers, correspondence, e-mails, facsimiles, memoranda, telegrams, reports, articles, telex and telecopier messages, records, affidavits, depositions, financial records, minutes, transcriptions, memoranda, letters, notes, books, instant messages, statements, contracts, pamphlets, diaries, bills, personal diaries and appointment books, computer diskettes, computer print-outs or other computer derived data, photographic material, all mechanic or electric sound recordings and transcripts thereof, pictures, audio or video tapes, drawings and all other records, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, and any tangible thing that, in whole or in part, records, illustrates or conveys information.

5. The relevant time frame for the documents requested below is January 1, 2005 through the present.

## DOCUMENTS TO BE PRODUCED

1. All documents concerning, reflecting, relating to, or referring to LAN, including but not limited to, invoices, contracts for work to be performed, work completion orders, change orders and requisitions for work, labor, or services supplied by LAN for, or on behalf of Henry Schein.

2. All documents concerning, reflecting, relating to, or referring to LAN, including but not limited to, proofs of payment for all of the above documents, including but not limited to, checks (front and back to indicate deposit), wires, or any documents that would evidence payments to LAN from Henry Schein.

3. All documents concerning, reflecting, relating to, or referring to LAN, including but not limited to, who the contact persons were for LAN and Henry Schein.

The individual named on the attached Subpoena in a Civil Case (the "Subpoena") is not required to appear at the time and place listed if you comply with this Subpoena by serving the requested documents on Michael S. Finkelstein, Esq., Finkelstein & Feil, LLP, 666 Old Country Road, Suite 210, Garden City, New York 11530, so that they are received by January 14, 2010 by 10:00 am.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LOUIS PITCH and DONNA PITCH,

        Plaintiffs,

   -against-

MARK C. HOTTON, SHERRI HOTTON and
TRINITY MANAGEMENT CONSULTING
CORPORATION,

        Defendants.

------------------------------------------------------------X

Index No.: 09-CV-5599

**<u>NOTICE OF SUBPOENA</u>**

FINKELSTEIN & FEIL, LLP
666 Old Country Road, Suite 210
Garden City, New York 11530
(516) 280-3660

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X    Case No. 09-CV-5599

LOUIS PITCH and DONNA PITCH
                        Plaintiffs,

     -against-

MARK C. HOTTON, SHERI HOTTON, and
TRINITY MANAGEMENT CONSULTING CORP.
                        Defendants.

----------------------------------------------------------X

STATE OF NEW YORK   )
                             ) ss.:
COUNTY OF NASSAU    )

     Craig Riha, being duly sworn, deposes and says that he is not a party to this action, is over the age of 18 years, and resides in Suffolk County, New York, and that on the 11th Day of January, 2010, at approximately 12:30 pm, he served third party Henry Schein, Inc., with a subpona duces tacum upon the following:

Michael Ettinger<br>
General Counsel<br>
Henry Schein, Inc.<br>
80 Duryea Road<br>
Melville NY 11747

     Service was made by in person delivery upon a person of suitable age and discretion at his place of business. The subpoena was given to a woman who identified herself as Margie, an employee of Henry Schein authorized to accept service, in the First Floor Lobby of the East Building of Henry Schein Inc.'s corporate headquarters. Margie appeared to be approximately 30 years of age, 5 foot 7 inches, of Oriental ethnicity, with dark hair and wearing a Henry Schein employee badge.

                                                                               _____
                                                                               Craig Riha

Sworn to before me this 11th day of January, 2010.

_____
Notary Public

MICHAEL FINKELSTEIN
Notary Public, State of New York
No. 02FI5041035
Qualified in Nassau County
Commission Expires 3/27/2011